IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01385-PAB

RICHARD ALLEN STEWART,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on the Complaint [Docket No. 1] filed by plaintiff Richard Stewart on May 16, 2014.  Plaintiff seeks review of the final decision of defendant Carolyn W. Colvin (the "Commissioner") denying his claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33.[1]  The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

**I. BACKGROUND**

On August 10, 2011, plaintiff applied for disability insurance benefits.  R. at 15. Plaintiff alleged that he had been disabled since February 1, 2011.  *Id*.  After an initial administrative denial of his claim, plaintiff received a hearing before an Administrative Law Judge ("ALJ") on September 27, 2012.  *Id*.  On December 18, 2012, the ALJ issued a decision denying plaintiff's claim.  *Id.* at 25.  The ALJ found that plaintiff had

---

    [1]The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

the following severe impairments: back disorder, status post right L3 partial laminectomy, medial facetectomy and foraminotomy, right L4 hemilaminectomy, and right partial laminectomy L5 and bipolar disorder. *Id*. at 18. The ALJ concluded that these impairments, alone or in combination, did not meet one of the regulations' listed impairments. *Id*. The ALJ found that plaintiff had the residual functional capacity ("RFC") to

> maintain employment at the level of lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing and walking 4 hours in an 8-hour workday; sitting 6 hours in an 8-hour workday as defined in 20 CFR 404.1567(b) except occasional climbing, balancing, stooping, kneeling, crouching, and crawling; and no climbing of ladders, ropes, and scaffolds. Furthermore, the claimant would need to work in a temperature controlled indoor work environment, no working around hazards; and detailed but not complex job tasks.

R. at 19.

Based upon this RFC and in reliance on the testimony of a vocational expert ("VE"), the ALJ concluded that plaintiff was unable to perform any past relevant work. *Id*. at 23. The VE testified that plaintiff's past relevant work as a communication equipment sales representative and an auto sales representative were "light exertional level skilled" jobs with specific vocational preparation ("SVP") codes of 6. *Id*. The VE also testified that plaintiff acquired the following skills from his past relevant work – sales and customer service. *Id*. The ALJ asked the VE whether a person of plaintiff's age, education, and work history, with the ability to perform light work, but with restrictions consistent with the RFC, would have any transferable skills to light or sedentary jobs. *Id*. at 53-54. The VE found no transferable skills for light work, but did find transferable skills for three positions involving sedentary work: appointment clerk

(SVP 3), check cashier (SVP 3), and telephone marketer (SVP 3).  *Id*. at 54.  The ALJ accepted this testimony and found that plaintiff could perform other work in the national economy that included those three positions.  R. at 24.  Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act.  *Id*. at 25.  At the time of the ALJ's decision, plaintiff was 58 years old and resided in Texas.  *Id*. at 33; Docket No. 17 at 10.

The Appeals Council denied plaintiff's request for review of this denial.  *Id*. at 1.  Thus, the ALJ's decision is the final decision of the Commissioner.

## II. ANALYSIS

### A.  Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole.  *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003).  The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).  Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  The district

court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B.  The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

    The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C.  The ALJ's Decision

    Plaintiff argues that the ALJ erred in step five of the analysis in determining whether plaintiff had skills transferable to a significant range of sedentary work. Docket No. 16 at 3.

    At 58 years old, plaintiff was a person of "advanced age" according to Social Security regulations. *See* 20 C.F.R. § 404.1563(d). The regulations state: "We consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work." 20 C.F.R. § 404.1563(d). An ALJ must overcome a

higher burden at step five to deny benefits to claimants of advanced age. *Emory v. Sullivan*, 936 F.2d 1092, 1094 (10th Cir. 1991). "'Accordingly, it is not enough that persons of advanced age are capable of doing unskilled work; to be not disabled, they must have acquired skills from their past work that are transferable to skilled or semi-skilled work.'" *Emory*, 936 F.2d at 1094 (quoting *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir.1990)). Section 4.c. of Social Security Ruling 82-41 defines transferability of skills for persons of advanced age: "In order to establish transferability of skills for such individuals, the semiskilled or skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation." 1982 WL 31389, at *5. A finding of transferability alone, however, does not satisfy the Secretary's regulations requiring minimal vocational adjustment. *Nielson v. Sullivan*, 992 F.2d 1118, 1121 (10th Cir. 1993). "Not only must [a claimant's] skills be transferable, there must be little vocational adjustment required . . . ." *Terry*, 903 F.2d at 1279; *see also Burton v. Secretary of Health & Human Servs.*, 893 F.2d 821, 824 (6th Cir.1990) ("It is not enough, however, that the claimant possess transferable skills; their transfer must require little if any vocational adjustment.").

Plaintiff contends that the ALJ's decision is deficient because it failed to follow the requirements of *Nielson*, 992 F.2d at 1121, that the ALJ pose a hypothetical question to the VE that specifically asks whether or not plaintiff's skills were transferable with little vocational adjustment and because the ALJ did not "make any findings

regarding, or even mention the issue of, the amount of vocational adjustment required." Docket No. 16 at 5. The Commissioner argues that plaintiff was living in Texas at the time of the ALJ's decision and, as a result, there was no reason for the ALJ to consider Tenth Circuit cases. Docket No. 17 at 10. Defendant makes a valid point regarding the applicability of Tenth Circuit cases, but the issue is whether *Nielson*'s holding is limited to the Tenth Circuit. The Fifth Circuit has not expressly ruled on whether the ALJ must make findings specifically targeted at the level of vocational adjustment for a claimant of advanced age. *See Sergent v. Astrue,* 2011 WL 3299051, at *9-10 (S.D. Tex. Aug. 1, 2011). However, by the time of the ALJ's decision, several other circuit courts had required the ALJ to address the degree of vocational adjustment necessary for claimants of advanced age. *See Draegert v. Barnhart*, 311 F. 3d 468, 477 (2d Cir. 2002); *Abbott v. Astrue*, 391 F. App'x 554, 558 (7th Cir. 2010) (unpublished) (remanding applicant of advanced age's case "so that the ALJ can identify Abbott's acquired work skills and explain why he would need to make 'very little, if any, vocational adjustment' to a different job." (citing 20 C.F.R. § 404.1568(d)(4)); *Weaver v. Sec'y of Health & Human Serv.*, 722 F.2d 310, 311-12 (6th Cir. 1983) ("[The ALJ] found that Weaver was capable of doing sedentary work and that he was over 55, but made absolutely no reference to whether his skills were transferable to another prospective position."); *Renner v. Heckler*, 786 F.2d 1421, 1424 (9th Cir. 1986) ("the ALJ must either make a finding of 'very little vocational adjustment' or otherwise acknowledge that a more stringent test is being applied which takes into consideration appellant's age" of 61). The Court finds that, pursuant to SSR 82-41, the ALJ was required to make

specific factual findings regarding the degree of vocational adjustment that would be required of plaintiff to perform the positions identified by the VE.

Defendant does not dispute that the ALJ made no findings regarding the level of vocational adjustment necessary for plaintiff to perform the positions identified by the VE. Instead, defendant appears to argue that the ALJ was not required to ask such a hypothetical question regarding such adjustment because plaintiff had skills from prior work that are "the types of skills with 'universal applicability across industry lines,' where transferability of skills 'can usually be accomplished with very little, if any vocational adjustment.'" Docket No. 17 at 10 (citing SSR 82-41, 1982 WL 31389, at *6). However, the record does not reflect any findings by the ALJ that plaintiff does, in fact, have skills of universal applicability. *See Webster v. Barnhart*, 187 F. App'x 857, 860 (10th Cir. 2006) (unpublished) ("We cannot uphold the ALJ's ruling on the ground that there is evidence in the record that supports his finding that [claimant] could perform the jobs [identified by the VE] with very little, if any, vocational adjustment. The ALJ did not actually make such a finding."). In *Nielson*, the court held that, pursuant to SSR 82-41, the ALJ was required, but failed, to "make findings specifically targeted at the level of vocational adjustment needed for [a claimant of advanced age] to enter potential [positions identified by the VE]." 992 F.2d at 1121-22. As in *Nielson*, the record here lacks findings regarding the degree of vocational adjustment for plaintiff to perform the jobs identified by the VE.

Because the ALJ failed to make the necessary factual findings concerning the degree of vocational adjustment required for plaintiff to perform the jobs identified by the VE, the Commissioner has not met her step five burden. *See Fischer-Ross*, 431

F.3d at 731.  The Court declines to reach the remainder of plaintiff's arguments because they may be "affected by the ALJ's treatment of this case on remand."  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner denying disability benefits to plaintiff is **REVERSED** and **REMANDED** for additional proceedings consistent with this opinion.

DATED April 15, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge